**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Nicholas D. Meyers**
Assistant U.S. Attorney
Nicholas.Meyers@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

September 2, 2026

**<u>via e-mail only</u>**
Ellie Riegel
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

Re: *United States v. Afe Divine Bey*, Case No. 3:24-cr-00372-AN
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count One of the Indictment, which charges wire fraud, in violation of Title 18, United States Code, Section 1343.

3. **Penalties**: The maximum sentence for wire fraud is 20 years' imprisonment, a fine of $250,000, 3 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment on the day of sentencing or explain to the Court why this cannot be done. Defendant further stipulates to pay restitution and to the forfeiture terms set forth below.

**Notice of Immigration Consequences:** Defendant understands that pleading guilty to the charge(s) in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial of citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

4. **<u>Dismissal/No Prosecution</u>**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **<u>Elements and Factual Basis</u>**: In order for defendant to be found guilty of wire fraud as charged in Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, defendant knowingly devised or participated in a scheme to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations or promises;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, defendant used, or caused the use of, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each element of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. The following facts are true and undisputed:

Defendant Afe Divine Bey was a resident of Ashland, Oregon. He was the manager of Green Gold Organic Agriculture LLC ("Green Gold"), an industrial-hemp processor and farm-consulting business, and the sole owner of Fly Veggie Eco, LLC ("Fly Veggie"), an organic-produce company.

On August 16, 2016, in the Seventh Judicial District Court for Emery County, Utah, defendant pleaded guilty and was convicted of Possession of a Controlled Substance with Intent to Distribute, a felony. Defendant was sentenced to an indeterminate prison term of not more than five years, which was suspended, and was placed on probation for 36 months.

To obtain a COVID-19 Economic Injury Disaster Loan (EIDL), an applicant was required to provide information about the subject business and to certify that the applicant had not suffered a disqualifying criminal conviction and that the information in the application was true and correct.

On or about August 4, 2020, defendant applied for an EIDL for Green Gold by submitting application number 3312591922 to the Small Business Administration (SBA). Defendant also submitted a Loan Authorization and Agreement Certificate of Completion in connection with that application. On the Loan Authorization and Agreement Certificate of Completion, defendant identified himself as Green Gold's 100% owner and answered "No" when asked whether, within the preceding five years, he had been convicted of or pleaded guilty to a felony or had been placed on parole or probation. Defendant knew that answer was false.

Based on that and related material misrepresentations about defendant's criminal history, the SBA approved the application and funded EIDL number 8419118201 in the amount of $150,000, less a $100 application fee, on or about October 1, 2020. The SBA transmitted $149,900 in loan proceeds by interstate wire to Green Gold's Bank of America account ending in 1081. On or about September 28, 2020, for purposes of executing the scheme, defendant caused EIDL application number 3312591922 and its Loan Authorization and Agreement to be transmitted from Oregon to SBA servers in Iowa, as charged in Count One.

On or about March 2, 2021, defendant submitted a similarly false EIDL application, application number 3317515492, on behalf of Fly Veggie. Defendant again identified himself as the business's 100% owner and falsely answered "No" to the question concerning a felony conviction or guilty plea, parole, or probation within the preceding five years. Defendant knew that answer was false.

Based on that and related material misrepresentations about defendant's criminal history, the SBA approved the application and funded EIDL number 6716268600 in the amount of $150,000, less a $100 application fee, on or about March 29, 2021. The SBA transmitted $149,900 in loan proceeds by interstate wire from Virginia to defendant's personal checking account ending in 7252 at Rogue Credit Union in Oregon, as charged in Count Two.

Defendant made and caused the materially false statements in the EIDL applications with the intent to deceive the SBA and to obtain SBA money for himself and his businesses. Between October 1, 2020, and March 29, 2021, defendant fraudulently obtained $299,800 in EIDL proceeds. After receiving the EIDL proceeds, defendant used the funds in a manner not authorized by the EIDL program requirements and loan terms then in effect. Defendant made no payments of principal or interest on either EIDL loan.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that USSG § 2B1.1 applies. The base offense level under USSG § 2B1.1(a)(1) is 7. The estimated loss exceeds $250,000. Under the guideline

currently in effect, a 12-level increase applies under USSG § 2B1.1(b)(1)(G), yielding an offense level of 19 before acceptance of responsibility.

The Sentencing Commission's 2026 inflationary-adjustment amendment is scheduled to take effect November 1, 2026, absent congressional action to the contrary. The amendment raises the threshold for a 12-level increase under USSG § 2B1.1(b)(1)(G) to more than $350,000. If the amendment is in effect at sentencing, the parties agree that it applies; because the estimated loss is $299,800—more than $200,000 but not more than $350,000—the amended loss table provides a 10-level increase under USSG § 2B1.1(b)(1)(F), yielding an offense level of 17 before acceptance of responsibility.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, fails to timely complete a Financial Disclosure Statement as outlined in this agreement, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Recommendation of Two-Level Downward Variance**: In consideration of defendant's agreement to pay restitution to the SBA and comply with the forfeiture provisions below, defendant's waiver of substantive motions and rights of appeal and collateral attack, defendant's prompt acceptance of responsibility as described in paragraph 8, supra, and defendant's compliance with all other terms of this agreement, the USAO will recommend a downward variance of **two** levels under the factors set for in 18 U.S.C. § 3553(a).

10. **Sentencing Recommendation**: The USAO will recommend a sentence at the low end of the applicable guideline range, followed by 3 years of supervised release and the $100 statutory fee assessment, as long as defendant demonstrates acceptance of responsibility as explained above. Defendant may request any lawful sentence.

11. **Additional Adjustments or Variances**:

A. Defendant reserves the right to seek a downward adjustment or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

B. Defendant agrees that, should defendant seek a downward adjustment or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such

notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction or sentence under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, commits any new criminal offenses, absconds or fails to appear for any hearing, or fails to report as directed by a supervising officer between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court prior to sentencing, or defendant must raise an immediate objection if the claim arises out of conduct at the sentencing hearing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16. **Restitution**: Defendant agrees to an order of full restitution to all victims of the offense of conviction and defendant's relevant conduct pursuant to 18 U.S.C. §§ 3663A and 3664. Defendant specifically agrees that the Court shall impose restitution in an amount totaling not less than $$299,800 to the SBA. Defendant agrees to pay restitution for all losses caused by

defendant's conduct, regardless of whether counts of the Indictment addressing those losses will be dismissed as part of this plea agreement.

Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the Court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the Court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), until any fine or restitution is paid in full, defendant must notify the USAO within 30 days of any change in defendant's mailing or residence address. Pursuant to 18 U.S.C. § 3664(k), defendant must notify the Court and the USAO of any material economic change affecting defendant's ability to pay, including employment or income changes, inheritances, gifts, or other acquisitions.

17. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18. **Deadline**: This plea offer expires if not accepted by October 5, 2026.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

***/s/ Nicholas D. Meyers***
NICHOLAS D. MEYERS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

10/7/2026
Date

Afe Divine Bey
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/7/2026
Date

Ellie Riegel
Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

Date

Interpreter (if necessary)